Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the Circuit cpurt Rockbridge county, affirming a judgment of the County court of said county, convicting the plaintiff in error of murder in the second degree, and sentencing him to five years imprisonment in the penitentiary, the term by the jury in their verdict ascertained.
The errors assigned arise upon four bills of exceptions, which were taken to rulings of the County court in the case. We will consider the questions presented by these bills, in the order in which they were so taken.
I. Upon the trial of the cause, the Commonwealth offered to give in evidence to the jury, testimony in chief, to prove the general peaceable and good character of the deceased, whom the accused was indicted for murdering. To which testimony the prisoner objected, as irrelevant to the issue, and illegal. But the court overruled the objection, and allowed the testimony to be given to the jury, as part of the evidence in chief for the Commonwealth. To which opinion and action of the court the prisoner objected : And this is the subject of the first bill of exceptions.
The law on this subject is thus laid down, in 3 Greenleaf on Evidence, § 27 : “ In regard to the character of the-person on whom the offence was committed, no evidence-is in general admissible, the character being no part of the res gestae.” This is the general rule, even where the evidence is offered by the accused ; though in that case there are some exceptions to the rule. “ Hence,” says Greenleaf in the same connection, “where evidence w7as offered to prove that'the person killed was in the habit of drinking to excess, and that drinking made him exceedingly quarrelsome, savage and dangerous; and when intoxicated he frequently threatened the lives of his wife, and others whom the prisoner had more than once been called upon to protect against his fury; all which was matter of common notoriety; it was hel d *911 rightly rejected, as having no connection with what took place at the time of the homicide.” And for this the writer cites in a note, The State v. Field, 14 Maine R. 294; York’s case, 7 Law R. 507-509; The State v. Thawley, 4 Harringt. R. 562; Quesenberry v. The State, 3 Stew. and Port. R. 308; and The State v. Tilly, 3 Ired. R. 424. And he then proceeds thus : “ The only exception to this rule is in trials for rape, or for'an assault with intent to commit that crime ; where the bad character of the prosecutrix for chastity may, under the circumstances of particular cases, afford a just inference as to the probability of her having consented to the act for which the prisoner is indicted.” See further as to this exception, 2 Russell on Crimes, 784, and the cases cited. Other exceptions to the general rule, where the evidence is offered by the accused, have been recognized in some cases, as may he seen by referring to Wharton’s Am. Crim. Law, § 641, and cases cited in note (a). One of these cases is Franklin v. The State, 29 Alab. R. 14, in which the court said that “the character of the deceased, as a violent, tui’bulent, blood-thirsty man, when it qualifies, explains, and gives point and meaning to his conduct, and tends to produce in the mind of the slayer a reasonable belief of imminent, danger, is admissible evidence for the defendant. And there are cases also in which it may be looked to in determining the amount of provocation, and thus fixing the degree of the homicide ; but the evidence in this case,” the court proceeded to say, “ doe3 not justify its admission on either of these grounds.” In cases of this kind, supposing them to be exceptions to the general rule, as to which this court expresses no opinion, if the accused opens the door by introducing evidence of the character of the deceased, of course countervailing testimony in behalf of the Commonwealth would be admissible. As to the general rule, see also Wharton’s Am. Crim. Law, § 641, and the cases cited in notes (o) and (q).
*912 JBut while there are, or may be, exceptions to the general rule, when the evidence is offered by the accused, the court has been referred to no case, and it is believed there is none to be found, in which the Commonwealth has been allowed to introduce original evidence in chief,, in regard to the character of the person on whom the offence was committed. See Commonwealth v. Hilliard, 2 Gray R. 294; Commonwealth v. Mead, 12 Gray R. 167. We must therefore consider the case as coming under the general rule laid down by Greenleaf as aforesaid; and so considering, we are of opinion that the County court erred in overruling the objection of the prisoner, and allowing the testimony to be given to the jury, as mentioned in the first bill of exceptions.
II. Upon the trial of the cause, the County court, on the motion of the attorney for the Commonwealth, gave several instructions to the jury, of which the fourth and fifth were as follows :
4th. If the jnry believe, from the evidence, that the prisoner, in the execution of a malicious purpose, to do the deceased a serious personal injury or hurt, by wounding and beating him, the offence is murder.
5th. Where death ensues on a sudden provocation, or sudden quarrel, without malice prepense, the killing is manslaughter ; and in order to reduce' the offence to killing in self-defence, the prisoner must prove two things:
First, that before the mortal blow was given, he declined further combat, and had retreated as far he could with safety; and,
Secondly, he killed the deceased through the necessity of preserving his own life, or to save himself from great bodily harm.
To which fourth and fifth instructions, the prisoner objected ; but the court overruled the objection, and gave the said instructions to the jury. To which opinion and *913 action of the court the prisoner excepted; and this is the subject of the second bill of exceptions.
It is necessary to supply two words, viz : the words' “ killed him” in the fourth instruction, to complete its ense. If they were omitted in the original, as they are in the printed copy of the record, and also in the manuscript copy on which the writ of error was awarded, the .omission was -merely accidental, and there could have been no misunderstanding of the instruction by the jury on that account. Supplying the omission, the instruction will read thus : “ If the jury believe, from the evidence, that the prisoner, in the execution of a malicious purpose to do the deceased a serious personal injury or hurt, by wounding and beating him, killed him, the offence is murder.” So reading or construing it, there cambe no good ground of objection to the principle of law which it announces. It defines a clear case of murder.
The fifth instruction is also free from any substantial ground of objection. It correctly defines a case of manslaughter ; unless the case be reduced by the prisoner to homicide in self-defence, by proving the two things mentioned in the instruction. The law in, regard to manslaughter and homicide in self-defence, -in its application to this case, seems here to be well.defined.
. We are therefore of opinion that the County court did not err in overruling the prisoner’s objection to the said fourth and fifth instructions.
III. Upon the trial.of the cause, the Commonwealth offered to prove by a witness, Mrs. Reid, that the deceased, George Ackerly, as he rose from breakfast on the 30th of June last (the morning on which the homicide was committed), said he would go to Mrs. Reid’s house, to see if he could employ her husband or son that day to work, if the prisoner would not work that day, and leff the house with this declared purpose; to which evidence of declarations by the^deceased, in the *914 absence of the prisoner, the latter objected. But the court overruled the objection, and allowed the evidence to be given to the jury. To which opinion and. action of the court the prisoner excepted ; and this is the subject of the third bill of exception^.
This act of the deceased, in leaving his house on the morning of the 30th of June last, and the declarations made by him as to his purpose in doing so, were clearly parts of the res gestae, and as such were admissible evidence.
We are therefore of opinion, that the County court did not err in overruling the prisoner’s objection to the said evidence, and allowing it to be given to the jury.
IV. The jury having found the prisoner guilty of murder in the second degree, and ascertained the term of his imprisonment in the penitentiary to be five years, the prisoner moved the court to set aside the verdict, on the. ground that it was contrary to law and evidence, and to grant him a new trial. But the court overruled the said motion, to which opinion and action of the court the prisoner excepted; and this is the subject of the fourth and last bill of exceptions.
The bill of exceptions sets out all the testimony, and does not certify only what the court considered to be facts proved in the cause. In form it appears to be, in part, a certificate of facts proved, and in part a mere statement of the testimony ; but upon the whole it must have been intended merely as a statement of the testimony. It is impossible that the jury, or the County court, could have believed the statement of the prisoner to be true, that the wound which caused the death of the deceased “was inflicted by accident, and unintentionally,” by the prisoner, “in throwing up his hands to ward off a blow ;” or could have believed the testimony of the prisoner’s daughter to the same effect, to be true. Had the jury so believed, they would certainly have found a verdict of not guilty in. the case. And had the *915 County court so believed, it would certainly have set aside the verdict of guilty, and granted a new trial in the case. If that statement or that testimony had been true, the case'would clearly have been one of excusable homicide by misadventure or chance-medley. We must therefore construe the bill of exceptions as containing a certificate of testimony merely, and not of facts proved on the trial; and so construing it, we cannot say that the County court erred in refusing to set aside the verdict and grant a new trial. If the jury disbelieved the said statement of the prisoner and the said testimony of his daughter, we cannot say that they were not warranted in finding him guilty of murder in the second degree. It was a question for the jury to decide upon the evidence and according to the law laid down by the court in the instructions aforesaid. _ •
We are therefore of opinion that the County court did not err in overruling the motion of the prisoner to set aside the verdict-and grant a new trial oh the ground that the verdict was contrary to law and evidence.
But we are of opinion that for the error of the County court, in overruling the objection of the prisoner to the testimony mentioned in the first bill of exceptions, and allowing the said testimony to be given to the jury as aforesaid, the said judgments, both of the said Circuit and County courts, must be reversed, the said verdict set aside, and the cause remanded to the said County court for a new trial to be had therein.
Judgment reversed.